In December, 1940, the defendant purchased an automobile from the plaintiff and as part of the cash payment gave the latter the following order or credit slip: "Dec. 21-40. Credit S.A. Page to the amount of $160.00 (one hundred and sixty Dollars 
00/100) in lumber at cash current price, good for 90 days delivery from date-12-21-40." This order was signed by defendant and accepted by the plaintiff.
Plaintiff filed this suit in December, 1942, alleging that defendant owes him the sum of $122.50, balance due on the down cash payment of the automobile sold the defendant; that this cash payment was $160 on which defendant is entitled to a credit of $37.50 for lumber furnished plaintiff by defendant.
The defendant filed an exception of no right of action, or prematurity, alleging that *Page 749 
the down cash payment for the automobile purchased from plaintiff was represented by a trade in on a truck for $175 and the order for $160 lumber to be delivered in 90 days; that plaintiff accepted the order for the lumber and the lumber was delivered to him, and if it was not delivered, the lumber was at defendant's mill available to plaintiff at any time during said 90 days.
The exception was referred to the merits and defendant filed an answer in which he set up practically the same defense as was set up in the exception. After a trial, judgment was rendered in favor of plaintiff against defendant for the amount claimed. From this judgment defendant appealed.
The whole defense seems to be based on the contention that plaintiff accepted the order for the lumber as $160 of the cash payment, and it was then the duty of the plaintiff to take delivery of the lumber within the 90 days; that the lumber was taken by plaintiff from defendant's mill and if it was not, the lumber was available and it was plaintiff's fault if he did not get the lumber; that defendant should have been put in default for failure to tender the lumber in accordance with the order which plaintiff accepted.
No reference is made in the petition to the order for the lumber, but on the trial of the case plaintiff offered in evidence the document to which objection was made by defendant for the reason that it was not covered by the pleadings. The objection was overruled, the document filed in evidence, and plaintiff testified that he received lumber to the amount of $37.50 which was credited on the $160 balance, leaving $122.50 still due. Defendant testified that plaintiff accepted the order and got the lumber from his mill; that the lumber was there to cover the order, and if plaintiff did not get it, he has no one to blame but himself. Plaintiff testified (and he is corroborated by two other witnesses) that he got only 1139 feet of lumber from defendant's mill; that he gave him credit for 1400 feet in the amount of $37.50, at the rate of $25 per thousand, which was the current price.
[1, 2] While plaintiff accepted the order for lumber in the amount of $160, yet the preponderance of the evidence shows that he did not get any more lumber from the defendant than that for which he was given credit. The record does not show that plaintiff accepted the order as an absolute payment in cash of the $160, but the implication arises from the nature of the order that payment of the amount was conditioned on plaintiff getting the lumber. This being true, it is immaterial as to whose fault it was that all the lumber necessary to cover the order was not delivered to plaintiff. Neither was it necessary for plaintiff to put defendant in default. The order was given in part payment on the price of the car, and the burden rested on defendant to show that the order was paid according to its tenor. If defendant was injured by the failure of the plaintiff to take the lumber which he says was available to meet the order, it would be necessary for him to set up and prove this fact in the same manner he would be required to do had he given plaintiff a check or draft and because of some neglect on the part of plaintiff, defendant lost the amount of the draft. Defendant has not shown that he lost anything, as he received credit for all the lumber which plaintiff received.
[3] While it may have been better pleading for plaintiff to have alleged in his petition the giving of the order and the delivery of a certain amount of lumber thereon, yet as plaintiff does allege that certain lumber was furnished him by the defendant for which credit was given, the mere fact that the order was introduced by plaintiff without any reference to it in the petition did not deprive the defendant of any rights which he set up in his answer by way of defense. The defendant set out in his answer the nature of the order for the lumber and the manner in which it was executed, and all these matters were at issue when the case was tried.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of defendant in both courts. *Page 750